UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRANCE LINK | No. 20 CR 495<br><br>Judge Mary M. Rowland |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS**

Defendant Terrance Link was an Illinois State Senator who betrayed the public trust by taking money from his campaign account, which he used for personal purposes. Defendant then failed to file accurate tax returns, which would have reflected that the money he pilfered from his campaign account was income. After defendant was approached by the FBI, however, defendant provided extensive cooperation, including providing information, making recordings, and testifying in court, which led to convictions against others. The sentence in this case needs to promote respect for the law and deter defendant and others from committing similar crimes, while also accounting for defendant's meaningful assistance to the government. Accordingly, the government respectfully requests that the Court impose a sentence of three years' probation and order that defendant pay $82,660 restitution.

I. **GUIDELINES CALCULATIONS**

The government agrees with the Guidelines calculation set forth in the Presentence Investigation Report submitted by the United States Probation Office. Defendant meets the criteria in § 4C1.1, and therefore his offense level is decreased

by two additional levels. PSR ¶ 23. This reduction is not in defendant's Plea Agreement because his guilty plea predated this Guidelines amendment, which was adopted as of November 1, 2023. Based on a total offense level of 10 and a criminal history category of I, defendant's advisory Guidelines range is 6 to 12 months' imprisonment. PSR ¶ 79.

## II. THE GOVERNMENT'S ANTICIPATED § 5K1.1 MOTION

At sentencing, the government anticipates that it will move the Court pursuant to Guideline § 5K1.1 to depart from the low end of the applicable Guidelines range and sentence defendant to a term of three years' probation.

Reductions under § 5K1.1 are assessed based on, among other things: (1) the significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; and (4) the timeliness of defendant's assistance. *See* U.S.S.G. § 5K1.1(a). Each of these factors weighs in favor of a departure here, and, as discussed below, a non-custodial sentence.

Defendant provided substantial assistance in the prosecution of others. He wore a recording device to meetings with former Illinois State Representative Luis Arroyo and corrupt businessman James Weiss, leading to a federal indictment against the two. Defendant allowed the FBI to record his phone conversations, monitor his emails, and receive would-be bribes to defendant's P.O. Box to further the investigation. Defendant then testified at the criminal trial of defendant James

2

Weiss, *United States v. Weiss*, 19 CR 495, in June 2023 before the Honorable Steven C. Seeger. Weiss was subsequently convicted of all counts in the indictment. The government can provide additional information about defendant's cooperation at defendant's sentencing hearing.

### III. FOR THIS DEFENDANT, A SENTENCE OF PROBATION IS SUFFICIENT BUT NOT GREATER THAN NECESSARY

The Sentencing Guidelines provide a starting point and initial benchmark for sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "[A] district court that sentences within the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities." *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010). Although a sentence within the Guidelines range is presumptively reasonable, *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.

Considering these factors, a sentence of three years' probation is warranted and is sufficient, but not greater than necessary, to account for the nature and circumstances of the offense, defendant's history and characteristics, and the seriousness of the offense, and to provide just punishment, promote respect for the law, and afford adequate deterrence.

A.	Nature and Circumstances of the Offense

Defendant's guilty plea to filing a false tax return reflects years of underreporting his income from 2012 to 2016. In addition to providing knowing false statements on these documents, defendant admitted that he spent money from his campaign account on personal expenses.

Tax crimes are serious because our tax system relies on taxpayers to correctly report their own income and expenses to the IRS so that taxes can be accurately assessed and enforced. If taxpayers lose confidence in the system and believe that everyone is not paying their fair share, voluntary compliance suffers, leaving less tax revenue to pay for all the services provided by the government – national defense, health care for the elderly, disaster relief, infrastructure, etc. Defendant, who worked for the government managing programs funded by taxpayer dollars, and earning a salary paid by taxpayer dollars, knows better than most the importance of tax revenue and compliance with the law.

The IRS periodically estimates the "tax gap," which is the amount of federal tax liability that is not paid voluntarily and timely – estimated to be a $668 billion difference in 2021.[1] The Department of the Treasury has explained that "[b]y far the largest contributor to the tax gap is the underreporting gap," which consists of taxpayers who "underreport income or overclaim deductions and credits on tax

---

[1]	*See* https://www.irs.gov/newsroom/irs-updates-tax-gap-projections-for-2020-2021-projected-annual-gap-rises-to-688-billion.

4

returns"[2] – taxpayers like defendant. Any single tax prosecution, including defendant's, is a very small fraction of the tax gap. However, the tax gap illustrates why criminal tax prosecutions, and their related consequences to the defendants, are necessary to encourage overall compliance.

### B. Defendant's History and Characteristics

Defendant has an unusual background for a federal criminal defendant – unlike many defendants, he has had many advantages in life including a well-paying career. For over 20 years defendant represented the people of Illinois as a State Senator for the 30th District. Defendant served on several different committees – Executive, Financial Institutions, Local Government, Transportation, Committee of the Whole, and Gaming – and held leadership positions within the Senate. Aside from this offense, defendant has never been arrested or had any legal issues, including while on pretrial release. He resigned from the State Senate shortly before pleading guilty in this case.

### C. The Need to Promote Respect for the Law, Provide Just Punishment, and To Afford Adequate Deterrence

The need for general deterrence is particularly strong for economic crimes, which are often premeditated, lucrative, and difficult for law enforcement to detect. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations

---

[2]  *See* U.S. Department of the Treasury, "The American Families Plan Tax Compliance Agenda," May 2021, at 3, available at https://home.treasury.gov/system/files/136/The-American-Families-Plan-Tax-Compliance-Agenda.pdf.

of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it.") "Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2019) (quotation omitted).

A Guidelines sentence, however, is greater than necessary given defendant's acceptance of responsibility and substantial assistance to the government. The steps defendant has taken to admit his guilt and assist the government for years, and his agreement to pay restitution, reflect that a below-Guidelines sentence is sufficient to meet the sentencing goals of specific deterrence and just punishment. Accordingly, a sentence of three years' probation would strike an appropriate balance between the competing factors defendant's case presents.

**IV.    PROBATION CONDITIONS**

The government requests that the Court impose a three-year term of probation, which is within the Guidelines range for a term of probation. PSR ¶ 85.

**A.    Mandatory Conditions**

The government respectfully requests that defendant be required to comply with the following mandatory conditions set forth in 18 U.S.C. § 3563(a) and Guideline § 5B1.3(a):

 (1) Defendant shall not commit another federal, state, or local offense.

 (2) Defendant shall pay restitution in the amount of $82,660.

 (3) Defendant shall not unlawfully possess a controlled substance.

 (4) Defendant shall make restitution and pay the special assessment imposed.

 (5) Defendant shall notify the Court of any material change in economic circumstances that might affect his ability to pay restitution, fines, or special assessments.

 (9) Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

The government recommends these conditions to provide adequate deterrence to criminal conduct and protect the public from further crimes of defendant. These conditions enhance the ability of the probation officer to target interventions with the goal of reducing defendant's risk of re-offending.

### B. Discretionary Conditions

The government requests that defendant be required to comply with the following discretionary conditions permitted by 18 U.S.C. § 3563(b) and Guideline § 5B1.3(b), in order to facilitate supervision by the probation officer, support defendant's rehabilitation, promote deterrence, and because they are otherwise appropriate in this case:

 (6) Defendant shall refrain from knowingly meeting or communicating with any person whom defendant knows to be engaged, or planning to be engaged, in criminal activity.

7

(7)  Defendant shall refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, without a prescription by a licensed medical practitioner.

(8)  Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

(14) Defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

(15) Defendant shall report to the probation officer as directed by the Court or a probation officer.

(16) Defendant shall permit the probation officer to visit the defendant at any reasonable time or at home or other reasonable location specified by a probation officer, and shall permit confiscation of contraband observed in plain view of the probation officer.

(17) Defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. Defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

(18) Defendant shall notify a probation officer promptly, within 72 hours, if arrested, charged with a crime, or questioned by a law enforcement officer.

(22) Defendant shall satisfy other such special conditions as ordered.

### C. Special Conditions

In light of the financial obligations that defendant has agreed to as a result of his conviction in this matter, as well the continuing need to protect the public and to ensure that the probation officer can satisfy his or her duty to remain informed about

the defendant, as well as to support defendant's rehabilitation, the government concurs with the PSR's recommendations that the Court impose the following special conditions of supervision pursuant to 18 U.S.C. § 3563(b)(22):

(5) Defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

(6) Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with other conditions of probation.

(7) Within 72 hours of any significant change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments, defendant must notify the probation officer of the change.

(8) Defendant shall file accurate income tax returns and pay all taxes, interest and penalties as required by law.

(10) Defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

(11) You shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

## V. CONCLUSION

For the reasons stated, the government respectfully requests that this Court impose a sentence of three years' probation.

                    Respectfully Submitted,

                    MORRIS PASQUAL
                    ACTING UNITED STATES ATTORNEY

By:    /s/ *Christine M. O'Neill*
       CHRISTINE M. O'NEILL
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn, 5th Floor
       Chicago, Illinois 60604
       (312) 353-4305
       christine.oneill2@usdoj.gov

Dated: February 27, 2024